IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                                  CASE NO.: 1:00cr15-SPM

WILLIAM H. BLACK,

      Defendant.
_____/

**ORDER DENYING AMENDED MOTION FOR HOME CONFINEMENT
OR HALFWAY HOUSE DESIGNATION**

This cause comes before the Court on Defendant William H. Black's amended motion to serve the remainder of his sentence on home confinement or at a halfway house (doc. 1214).  Defendant's original motion (doc. 1206) was denied by order (doc. 1213) dated April 13, 2007.  Based on statements made in the amended motion, it does not appear that Defendant has received a copy of the April 13, 2007 order.  The Court, therefore, will reiterate the reasons for denying the motion and direct the clerk of court to send a copy of the April 13, 2007, order to Defendant.

As previously stated, a sentencing court has no authority to order a convicted defendant to be designated to a particular facility or program.  United States v. Johnson, 223 F.3d 665, 673 (7th Cir. 2000).  Instead, the Bureau of

Prisons has the authority under Title 18, United States Code, Section 3621(b), to designate the place of a prisoner's confinement. That authority includes the placement of a prisoner on home confinement for the last ten percent of his prison term, not to exceed six months, under Title 18, United States Code, Section 3624(c).

A prisoner aggrieved by a Bureau of Prisons placement decision may seek court review of the decision through a habeas corpus petition under Title 28, United States Code, Section 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241-44 (3d Cir. 2005); c.f. Richmond v. Scibana, 387 F.3d 602, 605-06 (7th Cir. 2004) (explaining that a prisoner challenging the substance of a placement decision should utilize Section 2241, but a challenge to the rules used to make a placement decision should be made through the Administrative Procedure Act). However, "[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1995). Because Defendant is not incarcerated within this district, the Court has no jurisdiction to review the Bureau of Prisons' placement decision. Accordingly, it is

ORDERED AND ADJUDGED:

1. Defendant's amended motion (doc. 1214) is denied for lack of jurisdiction.

2. Along with a copy of this order, the clerk shall send a copy of the

April 13, 2007, order (doc. 1213) to Defendant.

    DONE AND ORDERED this 21st day of June, 2007.

                  *s/ Stephan P. Mickle*
                   Stephan P. Mickle
                   United States District Judge

CASE NO.: 1:00cr15-SPM