IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 1:00cr15-SPM

WILLIAM H. BLACK
_____/

## ORDER DENYING MOTIONS TO QUASH SUBPOENAS

This cause comes before the Court on the Motions to Quash (docs. 1233, 1235, and 1236) filed by Carla Harris-Black.

The Government has issued subpoenas to Bank of America and Jaguar Credit Corp. to obtain access to Mrs. Black's financial records. Mrs. Black is entitled to challenge the subpoenas as an affected customer under Title 12, United States Code, Section 3410.

The Court must determine whether Mrs. Black is in fact "the customer to whom the financial records sought by the Government authority pertain." 12 U.S.C. § 3410(c). If so, the Court must determine whether the Government has shown that "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." Id. The Court must also determine whether the Government has "substantial[ly] compli[ed]" with all requirements for obtaining the financial

records.  Id.

Turning to the first inquiry, there is no dispute that Mrs. Black is the customer for whom the Government is seeking financial records.

Second, Mrs. Black contends that the subpoenas should be quashed because she purchased the properties prior to her marriage to Defendant William H. Black.  She states that Defendant has no ownership in the properties and that Defendant is not on any of the paperwork.  The Government, however, has a legitimate inquiry regarding Defendant's financial resources because he still owes restitution.  Mrs. Black's financial records are relevant to this inquiry.

Mrs. Black married Defendant while he was incarcerated in connection with the current proceedings.  As a result of the same conviction, this Court ordered Defendant to pay restitution in the amount of $12.2 million, and as of November 17, 2009, a balance of $5.5 million remained.  In January 2006, while serving his prison sentence, Defendant admitted to receiving $3.6 million as a result of the settlement of a lawsuit against one of Defendant's former clients.  In March 2006, Mrs. Black purchased a second home for $1.8 million, financing $997,000 of the purchase price.  The Government is seeking Mrs. Black's financial records to determine the amount and source of the funds she used as a down payment; in particular, whether Mrs. Black purchased her home with the help of Defendant's settlement funds or other funds held by Defendant.  Similarly, the Government seeks financial information from Jaguar Credit Corp. concerning

Mrs. Black's purchase of a 2000 XJ8 Jaguar automobile in July 2003. These records are relevant to the Government's legitimate inquiry into the funds Defendant has to pay restitution.

Finally, Mrs. Black complains that she did not receive a copy of the Bank of America subpoena as required by Title 12, United States Code, Section 3407(2). At this point in time, however, Mrs. Black is aware of the subpoena and has in fact challenged it  The Government states that the subpoenas were mailed to her initially. After Mrs. Black indicated that she did not receive the subpoena, the Government emailed copies to her attorney on November 10, 2009, and sent copies to her again by mail. The Court finds that the Government has substantially complied with applicable provisions regarding notice of the subpoenas and that Mrs. Black has not been prejudiced by her failure to receive them initially by mail. See Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875, 882 (5th Cir. 1989) (reversing a district court's order to quash a financial records subpoena because the customer knew of the subpoena in time to challenge it). Based on the foregoing, it is

ORDERED AND ADJUDGED: the motions to quash (docs. 1233, 1235, and 1236) are denied.

DONE AND ORDERED this 30th day of June, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge

CASE NO.: 1:00cr15-SPM