IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CASE NO.: 1:00cr15-SPM

WILLIAM H. BLACK,

        Defendant.

_____/

## ORDER DENYING MOTION TO QUASH SUBPOENA

This cause comes before the Court on the Motion to Quash Subpoena (doc. 1338) filed by Attorney Robert O. Bragdon, the Government's response (doc. 1346 and 1349), and Attorney Bragdon's reply (doc. 1350).

The information sought by the subpoena involves settlement funds received by William H. Black, whom Attorney Bragdon represented in an unrelated civil case.  Mr. Black has not waived his right to confidentiality.  Under the rules of professional conduct applicable to Attorney Bragdon, he can only disclose the information about his representation of Mr. Black in limited circumstances, which include compliance with a court order.  Rule 1.6, Confidentiality of Information, Tennessee Supreme Court, Rules of Professional Conduct.

The Government is seeking information about the settlement funds because Mr. Black owes more than $5 million dollars in restitution.  The settlement funds should have been applied toward Mr. Black's outstanding restitution obligation.[1]  But they were not.  The information sought by the Government is limited to "an accounting of the disbursement of settlement funds."  Government's Amendment to the Response to Motion to Quash, doc. 1349, ¶ 4.

The Government may enforce an order of restitution in the same manner as a fine, which is "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or state law."  18 U.S.C. § 3613(a) and (f).  Under federal law, judgment creditors are permitted to seek discovery in aid of execution to find assets that the debtor has or that the debtor fraudulently transferred.  Fed. R. Civ. P. 69; Caisson Corp. v. County West Bldg. Corp., 62 F.R.D. 331, 334 (E.D. Pa. 1974).

A claim of privilege cannot be used to hide assets.  Ranney-Brown Distribs., Inc. v. E. T. Barwick Indus., Inc. 75 F.R.D. 3, 5 (D.C. Ohio 1977).  Nor will privilege prevent the disclosure of financial transactions that do not reveal confidential communications.  GFL Advantage Fund. Ltd. v. Colkitt, 216 F.R.D.

---

[1] 18 U.S.C. § 3664(n) ("[I]f a person obligated to pay restitution, or pay a fine, receives substantial resources from any source, including  . . . settlement . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.").

189, 195-96 (D.D.C. 2003) (information about payments and deposits were relevant to discovery of assets and were not communications protected by attorney-client privilege).   Here, the limited information sought by the Government does not involve confidential communications and the information is reasonably related to the discovery of Mr. Black's assets.  Moreover, the Government has made a prima facie showing that the crime-fraud exception applies because Mr. Black did not apply his settlement funds toward his restitution obligation.  Instead Mr. Black sought to avoid payment of restitution by disbursing the settlement funds to accounts opened by his wife and he directed Attorney Bragdon to disburse the funds in accordance with this goal.  Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.     The Motion to Quash Subpoena (doc. 1338) is denied.

2.     On or before June 30, 2011, Attorney Robert O. Bragdon shall provide the Government with an accounting of the disbursement of settlement funds.

3.     The Unopposed Motion for Extension of Time to File Response (doc. 1339) is granted.  The responses and reply were considered.

DONE AND ORDERED this 15th day of June, 2011.

*s/ Stephan P. Mickle*

Stephan P. Mickle
Chief United States District Judge