IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:    1:00cr15/MW/GRJ-1
                                                     1:13cv139/MW/GRJ

WILLIAM H. BLACK

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (doc. 1424.)  The Government has filed a response (doc. 1429, 1431) and Defendant has filed a reply. (doc. 1432.)  After a careful review of the record and the arguments presented, it is recommended that Defendant's § 2255 motion should be denied.

## PROCEDURAL BACKGROUND[1]

Defendant was charged in a three count indictment with conspiracy to commit mail fraud, wire fraud, and obstruction of justice in violation of 18 U.S.C. § 371 (count one), conspiracy to launder money in violation of 18 U.S.C. 1956(h) (count two) and one count of forfeiture. (doc. 1.) On January 31, 2002 a jury found Defendant guilty of count one of the indictment (doc. 769) and on May 7, 2002, the district court sentenced him to 60 months' imprisonment followed by 36 months of supervised release.  The Court also ordered the Defendant to pay $12,228,077 in restitution. (docs. 818, 827.)

_____

[1]Detailed statements of facts describing the offense conduct are set forth in the Government's brief on direct appeal and in the Eleventh Circuit's opinion in United States v. Swaine, 308 F. App'x 336 (11th Cir. 2009) and will be set forth herein only as necessary.

On August 5, 2004, Defendant pled guilty to count two of the indictment, and he was sentenced to a term of 51 months and 21 days imprisonment, followed by a 36 month term of supervised release to run concurrently with the sentence imposed with respect to count one. (docs. 1117–1122, 1133.)  The court ordered Defendant to pay any outstanding restitution obligation in monthly installments of at least $250.00 starting no later than three months after his release from prison. (*see* doc. 1336; doc. 1419 at 3.)

On January 31, 2011 while Defendant was on supervised release, the probation office petitioned the court to revoke his term of supervised release for failing to make the required monthly restitution payments. (doc. 1336.) The district court held a hearing on April 14, 2011, following which it took matters under advisement and informed the parties that a written order would follow. (doc. 1356.)  A final revocation hearing was held on August 9, 2011. (doc. 1366.)  At that hearing, the court found Defendant had failed to make the required restitution payments, orally revoked Defendant's term of supervision and sentenced him to six months custody in the Bureau of Prisons (*id*.).  In its written judgment filed on August 25, 2011 the court stated that it "reserve[d] jurisdiction to reconsider Defendant's sentence within thirty days of the date of imposition of sentence (August 9, 2011) if" Defendant provided the Government with an accounting of his finances to the satisfaction of the court. (doc. 1367 at 2.)  On September 1, 2011 Defendant filed information about his assets. (doc. 1369.)  The motion was sealed and docketed as a motion for reconsideration.  The court denied this

motion, but granted Defendant leave to file another motion for reconsideration by September 6, 2011. (doc. 1370.)

On September 6, 2011 Defendant again moved for reconsideration of the court's imposition of sentence and filed supporting financial information, this time through counsel. (doc. 1371.)  On September 7, 2011 the district court entered a written order (1) granting Defendant's motion; (2) vacating the judgment entered on August 9, 2011; and (3) advising that the Court would enter an amended judgment which would provide that:

a. Defendant's supervised release remains revoked

b.  Defendant is sentenced to a period of time served, to be followed by 36 months of supervised release.

c.  Defendant is subject to the same conditions of supervised release imposed in the August 9, 2011 judgment (doc. 1367) and the May 10, 2002 judgment (doc. 827).  He shall make restitution payments in an amount not less than $250.00 each month or be subject to violation of the conditions of his release.

(Doc. 1372 at 1–2.)  No amended judgment was entered, and Defendant did not appeal.

Even though the Defendant had avoided incarceration for more than a year, he went forward and filed a motion on October 15, 2012, requesting the Court to terminate his supervised release arguing that the Court did not have jurisdiction over him pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  (doc. 1388.)

According to Defendant, he was being illegally subjected to supervised release.

Defendant's argument, as later summarized by the Eleventh Circuit, was as follows:

> Rule 35(a) imposes a fourteen-day limit on a district court's authority to modify or amend a sentence. Once the District Court vacated his sentence on September 7, 2011, it had fourteen days to impose a new sentence. Because the court had not entered a sentence within that period, it no longer had jurisdiction to impose a sentence. Therefore, after the fourteen-day period, the September 7, 2011 order vacating Black's August 9, 2011, sentence converted into a final order, rendering Black's continued supervised release under the August 9, 2011, sentence illegal.

(Doc. 1419 at 5.)

The court denied the motion on October 23, 2012 noting that while it was true through oversight, the amended judgment had not been entered, "[i]f anything, Defendant's jurisdictional argument means that the Court was without jurisdiction to vacate the sentence on September 7, 2011 because more than 14 days had passed since the oral announcement of sentence on August 9, 2011." (doc. 1389 at 3.) The court observed that such an outcome would mean that Defendant's August 9, 2011 sentence would be reinstated, along with the six month prison term that had been imposed (*id*.). The court denied the motion without reinstating the August 9, 2011 sentence, and on October 24, the court entered an amended judgment. (docs. 1390–91.) Undeterred the Defendant appealed the court's order denying his request for early termination of his supervised release. (doc. 1392.)

On appeal, Defendant again argued that the district court lacked jurisdiction to enter an amended judgment more than fourteen days after issuing its September 7, 2011 order. (doc. 1419 at 6.) The Eleventh Circuit found that pursuant to Rule 35(a),

the district court lost jurisdiction to modify the August 9, 2011 sentence it had orally imposed after the expiration of fourteen days, or on August 23, 2011. Therefore, to the extent the district court's order on September 7, 2011 was premised on that rule, it was void *ab initio* because it was entered after Rule 35(a)'s fourteen-day period had elapsed. Thus, the Eleventh Circuit concluded that the August 9, 2011 judgment was not vacated by the September 7, 2011 order (*id.*).

The Eleventh Circuit then went one step further and concluded that the district court did not have the authority to enter the amended judgment entered on October 24, 2012 under any of the three circumstances enumerated in 18 U.S.C. § 3582(c). Consequently, the Eleventh Circuit concluded that this judgment also was a nullity, and on July 1, 2013, the Eleventh Circuit ruled that the sentence imposed on August 9, 2011 should be reinstated.[2] The case was remanded to this Court.

After the Eleventh Circuit entered its opinion (but before the mandate was issued) Defendant filed a letter motion with the district court dated July 8, 2013 which the clerk docketed as a "motion to modify sentence." (doc. 1420.) The court held a telephonic hearing and denied Defendant's letter motion. (doc. 1423.) Defendant filed the § 2255 motion to vacate on July 24, 2013, about a week later. Defendant raises three grounds for relief. First, he contends that the August 9, 2011 sentence should be vacated based on "manifest injustice." Next, he asserts that counsel was constitutionally ineffective for failing to "advise" the court that Rule 35(a) conflicted with

---

[2]The court stated: "Had the [district] court wanted to adjust Black's punishment based on whether he presented adequate financial disclosures to the court, it should not have imposed a sentence before receiving Black's submissions" (doc. 1419 at 7).

the court's intent, and it should have waited thirty days to enter the judgment imposing the sentence. Finally, he asserts that equitable estoppel applies to the facts of his case.

After Defendant's § 2255 motion to vacate was filed the Eleventh Circuit issued its mandate on August 1, 2013. (doc. 1426.)  On August 6, 2013, pursuant to the mandate of the Eleventh Circuit the district court entered an order reinstating the original judgment and setting the date for Defendant's voluntary surrender as September 6, 2013. (doc. 1427.)  Since the judgment was reinstated Defendant has not filed any motion or request in the criminal case challenging the judgment, other than the previously filed and currently pending 2255 motion.

The Government filed its expedited response in opposition to Defendant's motion on August 13, 2013 (doc. 1429), and as directed by the Court, the Government filed a supplemental response. (doc. 1431.)  The Defendant has replied. (doc. 1432.)

**LEGAL ANALYSIS**

*General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have

been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). A non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice. *Id*. at 1232–33 (citing United States v. Frady, 456 U.S. 152, 165 (1982); Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976)). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ." *see also* Davis v. United States, 417 U.S. 333, 346–47 (1974).

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by

different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010).

The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Id., 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Secretary for Dept. of Corrections, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 585 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).

With regard to the second prong of the test, the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369–70 (1993); <u>Allen v. Secretary, Florida Dep't of Corrections</u>, 611 F.3d 740, 754 (11th Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  <u>Lockhart</u>, 506 U.S. at 369 (quoting <u>Strickland</u>, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  <u>Glover v. United States</u>, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  <u>Id.</u> at 203.

The Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  <u>Chandler</u>, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  <u>Dingle</u>, 480 F.3d at 1099; <u>Williamson v. Moore</u>, 221 F.3d 1177,

1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" <u>Dingle</u>, 480 F.3d at 1099 (quoting <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* <u>Chandler v. McDonough</u>, 471 F.3d 1360, 1363 (11th Cir. 2006) (citations omitted); <u>Ferguson v. United States</u>, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1237 (11th Cir. 2004). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. <u>Lynn</u>, 365 F.3d at 1239.

### *Timeliness*

The Government argues that Defendant's motion is untimely because it was filed more than one year after the sentence in question was imposed. (doc. 1431 at 4–7.) While that is true, the Government's argument ignores the fact that the term of imprisonment imposed by the August 9, 2011 oral ruling was vacated by the district court's order of September 7, 2011. Thus, there was no reason for Defendant to challenge a sentence that he reasonably believed had been vacated until after it was reinstated by the district court on August 6, 2013 in response to the Eleventh Circuit's

mandate.  Accordingly, the instant motion is not time barred, and if anything, was

premature because it was filed before the district court entered its order of August 6,

2013 reinstating the sentence of imprisonment Defendant now seeks to challenge.

(doc. 1427.)

### *Ground One: Manifest Injustice*

As his first ground for relief, Defendant alleges that his sentence of August 9,

2011 should be vacated to prevent manifest injustice. The Government argues in

response to this claim that Defendant "may not relitigate what has already been

decided adversely against him on direct appeal." (doc. 1429 at 17.)  The Government is

correct that Defendant's six month term of imprisonment was reinstated by the Eleventh

Circuit.  However, there is nothing in the record to suggest that Defendant litigated the

issue of "manifest injustice" on appeal.  There would have been no reason to do so.  It

was not until the Eleventh Circuit rendered its July 1, 2013 opinion that Defendant was

on notice, for the first time since the district court's order of September 7, 2011, that his

six month term of imprisonment would be reinstated (doc. 1372), and it was not until

August 6, 2013, **after** the instant § 2255 motion was filed, that the district court

reinstated the judgment. (doc. 1427.)  Thus, to the extent Defendant sought to

challenge an order that had not yet been entered his § 2255 motion was premature.

Even if it was not premature, his claim is without merit.

Defendant's argument is that to require him to serve the six month term of

imprisonment after he provided the required information would result in manifest

injustice.  While the term "manifest injustice" is a term of art widely used in reported

cases, manifest injustice is not synonymous with unfair.

     In the context of direct criminal appeals, and not habeas relief, the Eleventh

Circuit has equated the manifest injustice inquiry with plain error review.  United States

v. Quintana, 300 F.3d 1227 (11th Cir. 2002) (citing United States v. McClendon, 195

F.3d 598, 603 (11th Cir. 1999); United States v. Martinez, 83 F.3d 371 (11th Cir. 1996)

(citing United States v. Newsome, 998 F.2d 1571, 1579 (11th Cir. 1993)); United States

v. Neely, 979 F.2d 1522, 1523 (11th Cir. 1992) (We will only consider [sentence]

objections raised for the first time on appeal under the plain error doctrine to avoid

'manifest injustice.'").   In Quintana, the defendant on direct appeal challenged the

district court's failure to allow him to allocute before imposition of sentence.  The

Eleventh Circuit stated that because defendant had failed to object at the time, in order

to demonstrate manifest injustice he had to demonstrate: "(1) that there was error; (2)

that was plain; (3) that affected his substantial rights; and (4) that affected the

fundamental fairness of the proceedings."  Quintana, 300 F.3d at 1232 (citing Johnson

v. United States, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).  The

court found that he had failed to demonstrate any effect on his rights as a result of his

failure to allocute because he had been sentenced at the lowest end of the applicable

guidelines range.  At least three other cases have considered similarly postured

manifest injustice claims. See United States v. Gerrow, 232 F.3d 831, 834 (11th Cir.

2000)(on direct appeal, finding "no prejudice or 'manifest injustice'" for court's failure to

allow allocution when defendant received sentence at low end of guidelines range);

United States v. Rodriguez-Velasquez, 132 F.3d 698, 700 (11th Cir. 1998)(same);

United States v. Tamayo, 80 F.3d 1514, 1521 (11th Cir. 1996)(same).

Here, the grounds of manifest injustice have been presented on collateral review
and not on direct appeal. Relying upon that term, the Defendant suggest that it would
be "manifest injustice" for Defendant to be required to serve a term of imprisonment at
this juncture.[3]  While Defendant's argument that the situation he finds himself in is
unfair may have superficial appeal the argument has been presented in a § 2255
motion to vacate – a civil collateral proceeding -- and not by motion or request for relief
in the criminal case.  There is an important difference between challenging the Court's
action on the merits and bringing a collateral challenge in a habeas motion, which
requires a higher threshold to be entitled to relief. While the Supreme Court has said
that the interest in finality "must yield to the imperative of correcting a fundamentally
unjust incarceration," See Murray v. Carrier, 477 U.S. 478, 495 (1986) (citation omitted),
habeas may be used to prevent the unjust incarceration where there is a claim of actual
innocence and not merely a claim of unfairness.  See also Scott v. United States, 740
F. Supp.2d 1317 (S.D. Fla. 2010) (where a prisoner is procedurally barred from bringing
a habeas claim, the Supreme Court has consistently concluded that the interests of

---

[3]The court recognizes the irony of the fact that absent Defendant's appeal of the
district court's order denying his motion for early termination of probation (doc. 1389), this
issue would have never arisen. In its order, the court expressly noted that "[i]f anything,
Defendant's jurisdictional argument means that the court was without jurisdiction to vacate
the sentence on September 7, 2011 because more than 14 days had passed since the oral
announcement of sentence on August 9, 201.  This would mean that Defendant's August
9, 2011 sentence would be reinstated" (doc. 289 at 3).  The court's order foreshadowed
precisely what happened on appeal.

finality and conservation of judicial resources must yield when the prisoner makes an adequate showing of actual innocence. citing <u>Murray</u>, 477 U.S. at 495–96, 106 S.Ct. 2639; <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 451 (1986); <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)).

In this case, there is no claim or argument that Defendant is actually innocent of violating supervised release. Rather, the argument is simply that the sentence for violating supervised release is unfair. While that may be so – and while the Defendant could have presented these arguments to the Court in the criminal case after the judgment was reinstated, on August 6, 2013, he has chosen not to do so and instead has bypassed this step and gone directly to seeking relief on collateral review. To demonstrate manifest injustice on collateral review the Defendant must satisfy the high burden of establishing that relief should be granted because he is actually innocent. Accordingly, because Defendant has not raised this issue directly in his criminal case or on direct appeal from a challenge in his criminal case, and cannot demonstrate actual innocence, Defendant's argument that he is entitled to habeas relief based upon manifest injustice must fail.

### *Ground Two: Ineffective assistance of counsel*

Defendant next alleges that counsel was constitutionally ineffective. While ineffective assistance of counsel is a proper ground to be brought in a § 2255 motion, Defendant's argument fails because he has not shown deficient performance by counsel. Rather, the result achieved by his counsel during counsel's representation in the violation of supervised release proceedings, was admirable because counsel

actually avoided the Defendant from being incarcerated even though he had violated supervised release. Indeed, Defendant to this day would still be free of the imposition of the six month prison sentence had he not filed a *pro se* appeal to the Eleventh Circuit in his effort to avoid, altogether, the conditions of supervised release.

According to Defendant, his counsel was deficient because counsel "should have known that a federal judge only has fourteen days to modify or change a sentence based on the law (rule 35(a))." (doc. 1424 at 15.)  Defendant reasons that when the court stated in open court that it was reserving jurisdiction over the case for thirty days, counsel should have brought this matter to the court's attention, petitioning it to wait the thirty days and sentence Defendant after that time if he did not comply with the court's directive. (*id*.) While that would have been a better result – and apparently a mistake was made by defense counsel, counsel for the Government and the Court – simply because a mistake is made does not automatically equate to constitutionally deficient performance. Indeed, if that was the law virtually every criminal judgment would be vacated on collateral review because there are probably very few, if any, criminal cases where at least one mistake has not been made.

In determining whether counsel's performance was constitutionally deficient the court does not compare counsel's performance to what the best lawyers would have done or even what most good lawyers would have done, but rather asks whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson, 221 F.3d at 1180.  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been

ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" <u>Dingle</u>, 480 F.3d at 1099 (quoting <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Under this stringent standard, it cannot be said that defense counsel was constitutionally deficient when he failed to bring up an issue that neither the Government nor the court itself noticed. Thus, while in hindsight it would have been preferable had the issue been raised, the Court cannot conclude that no competent lawyer would have done the same thing defense counsel did, particularly where neither the Court nor the Government noticed any problem in amending the judgment after 14 days.

### *Ground Three: Equitable Estoppel*

In his third ground for relief, Defendant contends that the doctrine of equitable estoppel applies to his case. The Government again argues that Defendant may not relitigate a claim that already has been decided adversely against him on direct appeal under the guise of a § 2255 motion. First, it does not appear that an equitable estoppel claim was raised on appeal. More significantly, Defendant's common law claim of equitable estoppel is simply not applicable in a habeas proceeding and, therefore, the Defendant is not entitled to relief on this basis.

**Certificate of Appealability**

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 1424) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 30th day of August, 2013.

_s/Gary R. Jones_
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).